ST. NICHOLAS BANK OF NEW YORK CITY *v.* DE RIVERA *et al.*

(*Supreme Court, Special Term, New York County.* August 4, 1888.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION TO SET ASIDE—EVIDENCE—JUDGMENT AGAINST ASSIGNOR.

A judgment roll in an action against assignors for benefit of creditors is binding against them in a subsequent action to set aside the assignment as fraudulent in so far as it decides that such assignors are plaintiff's debtors, but is not evidence as to any other facts therein contained as against the assignee and the creditors whom he represents.

2. SAME—RES ADJUDICATA—PARTNERSHIP.

Where the complaint in the action against the assignors, a copartnership, alleges that a certain defendant was a member of the firm at the time the note then sued on was given, but does not allege that he was a member at the time the assignment was made, a judgment for plaintiff is not an adjudication of the latter fact.

3. SAME—PARTIES—RETIRED PARTNER.

Such defendant having retired from the firm before the assignment, though after the debt sued for was contracted, is not a necessary party to the assignment, where the title to the firm property vested in the remaining members on his retirement.

4. SAME—CONSTRUCTION OF ASSIGNMENT—COSTS AND EXPENSES.

A provision in the assignment to pay reasonable costs and expenses of making and carrying it into effect, must be held to mean costs incurred by the assignee, and not by the assignor.

Action by the St. Nicholas Bank of New York City against Henry C. de Rivera and others, to set aside as fraudulent a general assignment for benefit of creditors, made by one Salvador Ros, on behalf of himself and De Rivera, July 13, 1886. On March 27, 1887, plaintiff recovered judgment against De Rivera, Ros, and Percy R. King, as partners under the firm name of J. C. de Rivera & Co., on a debt contracted before the assignment.

*Edwin B. Smith*, for plaintiff. *James L. Bishop*, for the assignee.

INGRAHAM, J. The judgment roll in the action brought by the plaintiff against De Rivera & Co. is binding upon the defendants so far as it adjudicates that the defendants are debtors to the plaintiff, but as against the defendant Sargent, the assignee, and the creditors that he represents, it is not evidence as to any other facts therein contained.

The plaintiff seeks to set aside this assignment on the ground that the defendant King was a copartner at the time the assignment was made, and as such did not execute the assignment. The complaint in the action against De Rivera & Co., upon which this action was based, alleges that King was a member of the firm of De Rivera & Co. at the time the note there sued on was given, but contains no allegation that King was a member of the firm at the time of the assignment, and it is not, therefore, an adjudication of that fact. Nor is it an adjudication that King ever was a member of that firm, as between the members of the firm. It is an adjudication of the fact that, as between the plaintiff in this action and that firm, he was a partner so as to be liable upon a note given by that firm at a period named; but it is no adjudication as between the members of the firm themselves in the disposition of their property.

Whether or not he was a member of the firm prior to the 1st of May, I think the evidence shows that at the time, as between the copartners, he ceased to be a member of the firm, it was agreed that he should then retire, and his connection with the firm should cease, and although that conversation was with Mr. de Rivera only, it was repeated to Mr. Ros on his return, and acquiesced in by him. This arrangement, of course, would not relieve King from his liability to firm creditors, nor until notice of such dissolution was given would it relieve King, if he was a general partner, from being liable for firm obligations subsequently incurred; but as between the partners themselves it terminated the copartnership, and vested the title to the copartnership property in the remaining partners, so that when the assignment was made King had nothing to assign, and was not a proper party to the assignment. The retirement of King did not prejudice the rights of the creditors of the firm, nor their claims upon the estate. He took no assets from the firm.

Nor do I think the assignment void because it preferred the debt to Mr. Hurry before the debt due for wages to employes. I do not see why Mr. Hurry, if he was preferred, was not himself an employe as much as a bookkeeper or a general salesman; but by a fair construction of the assignment it does not direct that any of the indebtedness of the firm should be paid prior to the wages of the employes.

The provision to pay and retain the reasonable costs, charges, and expenses of making, executing, and carrying into effect the assignment, must refer to the costs incurred by the assignee and not by the assignor. On the whole case, I think the plaintiff has failed to prove the assignment was void, and the complaint must be dismissed, with costs.